# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLEN S. MEREDITH,
#1105830,

    *Plaintiff*,

vs.

R. FLORES,

    *Defendant*.

3:13-cv-00654-RCJ-WGC

ORDER

    Following upon the filing of last known address information regarding the sole defendant, this prisoner civil rights action shall proceed forward.

    IT THEREFORE IS ORDERED THAT:

    1. The applications (## 1 &3) to proceed *in forma pauperis* are GRANTED, subject to the remaining provisions herein, based on the financial materials submitted with the second application, with the initial partial filing fee having been paid. Even if this action is dismissed, plaintiff still must pay a full $350.00 filing fee pursuant to 28 U.S.C. § 1915(b)(2).

    2. Plaintiff is permitted to maintain this action to a conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

    3. Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. The Clerk shall **SEND** a copy of this order to the Finance Division of the

Clerk's Office.  The Clerk shall also **SEND** a copy of this order to the attention of the **Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.**

       4.       The stay previously entered herein is lifted.

       5.       The Clerk shall file the original complaint submitted with the first pauper application and the amended complaint submitted with the second pauper application.

       6.       The Clerk shall file the motion for appointment of counsel submitted with the second pauper application; the motion is DENIED; and the Clerk shall reflect the denial of the motion in connection with docketing the motion.  Looking to both the likelihood of ultimate success on the merits and the plaintiff's ability to articulate his claims, the Court does not find that exceptional circumstances warrant requesting a private attorney to take the case under 28 U.S.C. § 1915(e)(1).  *See  Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

       7.       The motion (#13) to file defendant's last known address under seal is GRANTED, in connection with the August 21, 2014, filing at #14.

       8.       The Clerk shall issue summons to defendant Flores and shall deliver the summons to the Marshal.

       9.       The Marshal shall use the information provided in the Attorney General's submission (#14) to attempt to serve the summons and amended complaint on defendant Flores.  The Marshal shall provide plaintiff with a Form USM-285 (without listing defendant Flores' address) indicating whether service was effected.

      10.      Plaintiff shall file the Form USM-285 within ten (10) days after receiving the form.

      11.      If the Marshal is unable to serve defendant Flores, and plaintiff wishes to have service attempted again, plaintiff must file a motion specifying a more detailed name and/or address for defendant Flores, or requesting that some other manner of service be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from entry of this order.

DATED: August 26, 2014.

                                                  _____
                                                  WILLIAM G. COBB
                                                  United States Magistrate Judge